United States District Court
Southern District of Texas
**ENTERED**
January 09, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, L.L.C., Plaintiff, | § § § § | |
| v. | § § | Case No. 1:16-cv-74 |
| ANNABELLE HERNANDEZ, Defendant. | § § § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Plaintiff's Motion for Default Judgment (hereinafter, "the Motion"). Dkt. No. 12. For the reasons stated below, it is recommended that the Motion be GRANTED.

### I.   Background and Procedural History

On April 19, 2016, Plaintiff filed a Complaint alleging violations of 47 U.S.C. § 553 or § 605. *See* Dkt. No. 1 at 4. Plaintiff requested multiple continuances of the initial pretrial conference to allow Defendant an opportunity to answer Plaintiff's Complaint and to assist in preparing the joint discovery and case management plan. *See* Dkt. No. 9 at 1. Finally, on November 9, 2016, Plaintiff filed a "Request for Entry of Default," "Motion for Final Default Judgment and Brief in Support," and a third motion to continue the initial pretrial conference. *See* Dkt. No. 11-13. The Court denied Plaintiff's third request for a continuance, ordering Plaintiff to appear telephonically and discuss Plaintiff's motions regarding default judgment. Dkt. No.

14. On November 18, 2016, the initial pretrial conference was held, and Plaintiff advised it would file supplemental briefing regarding an award of damages. *See* Dkt. Minute Entry on November 18, 2016. The Court granted Plaintiff's request for an entry of default shortly thereafter, and the clerk's office entered default against Defendant. *See* Dkt. No. 16-17.

## II. Legal Standards

The purpose of a default judgment is merely to allow the courts to manage their dockets efficiently and effectively. *See Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990). A party is subject to a Rule 55 motion for default judgment when it fails to plead or otherwise respond to a Complaint within the required time period. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A response, in order to avoid a failure to appear and subsequent default, need only be an indication of intent to pursue a defense. *Id.* at 142; *United States v. McCoy*, 954 F.2d 1000, 1003 (5th Cir. 1992).

Defendants, by their default, admit the well plead allegations of fact, except those relating to the amount of damages, and a judgment by default is generally treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded. *See Jackson v. Fie Corp.*, 302 F.3d 515, 525 n. 29 (5th Cir. 2002). A party is not entitled to entry of default judgment as a matter of right, even if the defending party is technically in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001); *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996); *Mason v. Lister*, 562 F.2d

343, 345 (5th Cir. 1977). Instead, defaults are left to the sound discretion of the Court and must be supported by affidavit, proof that notice was provided, and indicia of a failure to appear. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *New York Life Ins. Co. v. Brown*, 84 F.3d at 141; *see also Bavouset v. Shaw's of San Francisco*, 43 F.R.D. 296, 297 (S.D. Tex. 1967). Default judgments are not favored. *See e.g., Harper MacLeod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001). In determining whether to enter a judgment of default the court may consider whether: (1) material issues of fact exist; (2) substantial prejudice will result; (3) grounds for default are clearly established; and (4) there exists a good faith mistake or excusable neglect that resulted in the default. *Lindsey*, 161 F.3d at 893. Any doubt, however, as to whether a court should enter or set aside a default judgment must be resolved in favor of the defaulting party. *Ins. Co. v. H&G Contrs., Inc.*, 2011 U.S. Dist. LEXIS 114940 *9 (S.D.Tex October 5, 2011).

### III.    Discussion

Plaintiff alleges violations of 47 U.S.C. § 553 or § 605. *See* Dkt. No. 1 at 4. Section 553 of Title 47 of the United States Code makes it unlawful for a person to "intercept or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise. . . specific[ied] by law." 47 U.S.C. § 553(a)(1). Section 605, meanwhile, makes it unlawful to intercept or receive *radio* communications unless specifically authorized. *See* 47 U.S.C. § 605 ("No person. . . shall intercept any radio

communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication . . . ."). Plaintiff alleges that Defendant intercepted through satellite signal. *See* Dkt. No. 12 at 3 (citing "Exhibit A ¶6" or Dkt. No. 12-1 at 7). Therefore, Plaintiff moves for judgment under § 605.

Section 605 is a strict liability statute that only requires that a plaintiff show that the event in question was shown in the defendant's establishment without the plaintiff's authorization. *See* 47 U.S.C. § 605; *Joe Hand Promotions, Inc. v. Lee*, 2012 WL 1909348 *7 (S.D.Tex. May 24, 2012). Plaintiff has provided sufficient evidence to surpass this burden. First, Plaintiff submits the affidavit of Thomas P Riley, who states that Plaintiff was the sole authorizing provider of the Canelo vs. Trout fight (hereinafter the "Event"), that the Event was transmitted though encrypted satellite signal, and that Defendant was not authorized directly or indirectly to receive the Event. Dkt. No. 12-1 at 6-8. Second, Plaintiff submits the affidavit of Isabel Muniz, who states that she entered Defendant's establishment where she observed the Event being played on that establishment's television monitors. *See* Dkt. No. 12-1 at 16. These affidavits are sufficient to prove liability. For this reason, the undersigned recommends that the Court find that Plaintiff has sufficiently shown that Defendant violated § 605.

Plaintiff presents multiple options as to how the Court may calculate damages. *See generally* Dkt. No. 19. The undersigned recommends that the Court

use the "Middle of the Statute" method, as it is consistent with other judgments issued within this district and there is no mitigating or aggravating factors present in this case that merit a deviation from the normal practice of this district. *See, e.g.*, *G&G Closed Circuit Events, LLC v. Las Campanas Mexican Restaurant, Inc. et al*, Civ. Case No. 4:15-cv-01006, Dkt. No. 16; *J&J Sports Productions, Inc. v. GCA, Inc. et al*, Civ. Case No. 4:14-cv-03218, Dkt. No. 15; *J&J Sports Productions, Inc. v. Rios*, Civ. Case No. 4:13-cv-00649, Dkt. No. 13. Under this method, courts award the maximum statutory damages of $10,000 but award a middle amount of punitive damages for a "willful" violation, $50,000. *See e.g.*, *id.*

Willfulness is shown through a "'disregard for the governing statute and an indifference for its requirements.'" *Setanta Sports N. Am. Ltd. v. Giannakopoulos*, 2008 U.S. Dist. LEXIS 50716 *14, (S.D.Tex June 25, 2008) (internal citation omitted). The defendant, through default, is deemed to have admitted all well-pled factual allegations within the Complaint. *See e.g.*, *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Plaintiff alleges that Defendant intentionally and without authorization used a device to receive the encrypted satellite signal to air the broadcast, sold beverages and food while the event took place in an effort to secure private financial gain, and that the event was played on multiple television sets. *See* Dkt. No. 12-1 at 7-8, 10, 16, 18. These allegations are sufficient to uphold a finding of willfulness. *See J&J Sports Prods. v. Rivera*, 2014 U.S. Dist. LEXIS 95853 *7-8 (S.D.Tex. July 14, 2014) (finding a willful violation under similar factual allegations). Therefore, the undersigned

recommends that the Court award Plaintiff §10,000 in statutory damages and $50,000 in punitive damages based upon a finding of Defendant's willful violation of § 605.

Finally, Plaintiff requests mandatory attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). *See* Dkt. No. 12 at 9. This district routinely has found that contingency fee awards are unreasonable based upon the normal amount of time spent on these types of cases. *See id.* at 12. Instead, the lodestar method is used. *Id.* The lodestar method would award Plaintiff $1,000, which is similar to other cases within this district. *See* Dkt. No. 12-1 at 28; *id.* For that reason, the undersigned recommends that the Court award Plaintiff $1,000 in attorney's fees. In review, the undersigned recommends that Plaintiff's Motion be granted and Plaintiff be awarded $61,000 against Defendant.

## IV. Recommendation

For the reasons above, it is recommended that the Motion be GRANTED. It is further recommended that Plaintiff be awarded $61,000 in damages against Defendant.

## V. Notice to Parties

A party's failure to file written objections within fourteen days after being served with a copy of the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation shall bar that party, except upon

grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that the district court accepts, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 9th day of January, 2017.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**